The Honorable Ben Allen State Senator P.O. Box 2635 Little Rock, Arkansas 72203
Dear Senator Allen:
This is in response to your request for an opinion regarding Act 35 of 1979 and the levy of assessments thereunder. You note that the property in question lies within a fire protection district established under Act 35 and that it is inaccessible and does not have a building structure or other man-made improvement. You have asked, specifically, whether the fire protection district may properly levy assessed benefits with respect to this property.
Section 9 of Act 35 of 1979, codified at Arkansas Code of 1987 Annotated 14-284-211, authorizes the board of commissioners of the district to "[m]ake assessments of benefits against real property in the district benefited by fire protection services of the district and provide for the collection of assessments." A.C.A.14-284-211(4). The three (3) assessors appointed by the board under A.C.A. 14-284-212 are responsible for assessing the annual benefits which will accrue to the real property within the district by reason of the fire protection services. Section 3 of Act 35 (A.C.A. 14-284-201) states in pertinent part as follows:
 In order to avoid duplication of fire protection services, fire protection districts established under this subchapter shall be established for the primary purpose of providing fire protection in rural areas for buildings, structures, and other man-made improvements.
A.C.A. 14-284-201(b).
It may be successfully contended in this instance that no benefit has accrued to this property from the fire protection services provided by the district. However, it must be noted that this is essentially a question of fact to be decided through the review process set forth under Section 11 of the Act. (A.C.A.14-284-213). Complaints against the assessment are to be made at the meeting of the board of assessors, the date of which is specified in the required notice. See 14-284-213(a) (b). Suit must then be brought in chancery court within thirty (30) days of the assessors' determination, otherwise the assessment will be final under 14-284-213(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General